**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BRIAN KEITH SIMMONS, | § | |
| No.  1054051, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-1003-N |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner Brian Keith Simmons ("Simmons" or "Petitioner") is confined at the Daniel Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Snyder, Texas.  Respondent is the Director of the TDCJ-CID.

Statement of the Case:  Simmons pled not guilty in cause number F-34377 to two counts of the offense of indecency with a child by contact.  After a jury trial, Petitioner was found guilty on both counts.  The jury sentenced Simmons to 20 years imprisonment and a $10,000 fine on

1

each count.

Petitioner appealed his sentences to the Tenth District Court of Appeals and on March 26, 2003, the court affirmed the trial court's judgments. *Simmons v. State*, No. 10-01-364-CR (Tex. App.-Waco Mar. 26, 2003). Simmons did not file a petition for discretionary review.

On February 18, 2004, pursuant to Texas Code of Criminal Procedure article 11.07, Simmons filed a habeas application challenging his convictions. *Ex parte Simmons*, Appl. No. 58,761-01 at 20. The application was denied by the Texas Court of Criminal Appeals without written order on March 30, 2005. *Ex parte Simmons*, Appl. No. 58,761-01 at cover.

Petitioner filed the instant petition on May 12, 2005.[1] On September 22, 2005, Respondent filed his answer contending that one of the claims of prosecutorial misconduct is unexhausted, that Petitioner's insufficiency of the evidence claim is procedurally barred, and that the remaining claims are without merit. Simmons filed his traverse on October 19, 2005.

<u>Findings and Conclusions</u>:  Review of Simmons' claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his § 2254 petition after the effective date of the AEDPA. The AEDPA, in pertinent part, provides that a federal court cannot grant relief under § 2254 of the act unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

---

[1] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Simmons signed his federal habeas petition on May 12, 2005. It was filed stamped on May 16, 2005. For the purposes of the recommendation, it is assumed that Simmons placed his § 2254 petition in the prison mail system on the date he signed his petition.

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C § 2254(d)(1)-(2) (1996). Findings of fact made by a state court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1). Where a petitioner challenges a state court's application of federal law under § 2254(d)(1), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S. Ct. 1495, 1521 (2000)); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 421 (2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable.").

Where state habeas relief is denied without an opinion, the AEDPA inquiry is not altered. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154, 124 S. Ct. 1156 (2004). In such a situation, a federal court: "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was contrary to or an objectively unreasonable application of that law." *Id.* (citations omitted).

Petitioner asserts five grounds of error in his petition. He argues that: (1) the state engaged in prosecutorial misconduct, (2) there was insufficient evidence presented at trial to convict, (3) he was denied his right to an impartial jury, (4) the state improperly introduced evidence at sentencing of an unadjudicated extraneous offense, and (5) he was denied the right to effective assistance of counsel at trial.

I.     **Prosecutorial Misconduct**

In his petition, Simmons refers to three incidents of alleged prosecutorial misconduct:[2] (1)  the District Attorney pre-marked names on the State's list of veniremembers, but did not participate in the trial, (2) the State's attorneys made improper remarks during their opening and closing statements, and (3) the state failed to turn over *Brady* evidence regarding the victim's outcry statements.

The standard for granting habeas relief because of prosecutorial misconduct is "the narrow one of due process, and not the broad exercise of supervisory power." *Derden v. McNeel*, 978 F.2d 1453, 1460 (5th Cir. 1992) (citing *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471 (1986)).  A prosecutor's statements or actions may violate due process in two ways: the misconduct may directly implicate a specific provision of the Bill of Rights, or the misconduct, while not directly violating a specific constitutional right, may nevertheless constitute a general denial of due process.  *Rogers v. Lynaugh*, 848 F.2d 606, 608 (5th Cir. 1988).       Most of Petitioner's claims in this ground can be classified as alleging "general" denials of due process.  Relief will be granted for a general due process violation only where the misconduct resulted in the denial of the defendant's right to a fair trial.  *Id.*  at 608-09.  A trial will be deemed fundamentally unfair only if "there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (citations omitted).

---

[2]  Additionally, Petitioner alleges that the State improperly commented on his failure to testify.  However, Petitioner cites to the portion of the record where the trial judge was reading the jury instructions.  Thus, Petitioner's allegation of prosecutorial misconduct is erroneous. Moreover, the judge's instructions were not in error; in fact, they followed the Texas pattern jury charges almost word for word.  *See, e.g.*, W. Scott Carpenter, *Texas Criminal Jury Charges* § 5:620 (James Publ'g 2003).

Petitioner's remaining allegation of misconduct concerns a remark by the prosecutor that arguably disparages Simmons' exercise of his constitutional right to a jury trial.  In order to determine if relief may be granted based on this form of misconduct, a court must inquire whether "the prosecutor's statement was manifestly intended or was of such character that a jury would naturally and necessarily take it to be a comment" on the defendant's exercise of a constitutional right.  *Rogers*, 848 F.2d at 609 (citations omitted).  "If under this test the prosecutorial misconduct is constitutional error, the court must generally inquire further whether or not the error is harmless."  *Id.*  An error is harmless only if the court can determine "beyond a reasonable doubt that the error complained of did not contribute" to the conviction.  *Id.* at 612 (citations omitted).

### A.      The District Attorney's Participation in the Trial

Petitioner alleges that the State engaged in misconduct when the District Attorney did not identify himself to the venire as a participant in the trial even though he later made notes on the state's list of veniremembers.  While the thrust of Simmons' argument is difficult to ascertain, he apparently believes that the District Attorney "participated" in the trial by making notes on the State's list, and therefore, had a duty to inform defense counsel before the start of voir dire that he planned to participate in the trial so that defense counsel could probe potential jurors about any bias they might have due to their familiarity with the District Attorney.  However, Petitioner has presented no evidence to show that any pre-marking occurred.  The State's list of veniremembers, which is included in the record, is relatively devoid of any notes; it merely includes notes regarding the members of the venire struck for cause, and those the State elected to strike using their preemptory challenges.  (Clerk's R.  v.1 at 135-137) (State's List of

Veniremembers).  Moreover, Petitioner has submitted no evidence to demonstrate that any jurors

actually demonstrated a bias in favor of the District Attorney.  Therefore, Simmons has wholly

failed to show that the alleged pre-marking of the list of veriremembers rendered his trial

"fundamentally unfair."  *See Rogers*, 848 F.2d 608-09.

### B.    Improper Remarks During Closing Statements [3]

Petitioner argues that numerous instances of prosecutorial misconduct occurred during

the State's closing argument.[4]  However, all but one of the statements that Simmons cites

challenge the validity of the defense's theory of the case, not the integrity or the character of

defense counsel.  *Compare United States v. Mares*, 402 F.3d 511, 516 (5th Cir. 2005), *cert.*

*denied*, 126 S. Ct. 43 (2005) (holding that prosecutor's comment that defense counsel "wants

[the jury] to get lost behind a file of smoke" was not improper) *and United States v. De La Rosa*,

911 F.2d 985, 991-992 (5th Cir. 1990) (finding that prosecutor's statements that defense counsel

"miscorrectly [sic] stated the evidence again" and "I don't know what ⋯ trial [defense counsel]

---

[3]  Respondent argues that Petitioner failed to exhaust this claim of prosecutorial
misconduct because, while Petitioner raised the claim in his state habeas application, he did not
cite to particular passages in the record.  Respondent argues that if this claim was now presented
to the Texas Court of Criminal appeals, it would be dismissed as an abuse of the writ.

Although it is clear that a federal court cannot grant relief on an unexhausted ground, it is
equally clear that a court is not barred from denying relief on an unexhausted ground.  *See* §
2254(b)(1)-(b)(2).  In the present case, it is evident that Simmons is not entitled to relief on his
claim of prosecutorial misconduct in closing arguments.  Therefore, the court need not address
Respondent's limitations argument or procedural defense.

[4]  Petitioner alleges that improper remarks occurred during both the State's opening
statement and closing argument.  Because Petitioner does not cite to any portion of the opening
statement, this court will focus on the closing argument.

Additionally, in his traverse, Petitioner includes one citation to the prosecutor's cross-
examination of Sherri Simmons where the prosecutor asks her if she lives with the man "who
molested" her daughter.  (Rep.'s R.  v.  15 at 18.)  This question is not improper, as it was asked
after the state presented evidence that Simmons molested the victim, and thus, does not assume
facts not in evidence.

6

was watching but it wasn't this one" did not constitute personal attacks on the character and integrity of defense counsel) *with United States v. Murrah*, 888 F.2d 24, 27-28 (5th Cir. 1989) (deeming "patently improper" a prosecutor's accusation in closing argument that defense counsel hid a witness).  Therefore, in regard to the remarks that merely challenge the defense's theory of the case, Petitioner has failed to show that any misconduct occurred.

Finally, Simmons refers to a statement made by the prosecutor in rebuttal to his attorneys' closing arguments, to wit, "One Defense attorney gets up here and tells you one thing and the other one gets up here and tells you something else.  Their job is to get their client off.  I don't know why he asked for a jury trial, but he did."  (Rep.'s R.  v. 15 at 128.)  Petitioner's first attorney identified a specific theory on which the jury should acquit him, to wit, "It didn't happen."  (Rep.'s R.  v.  15 at 106, 114.)  The second attorney took a different tact, that is, that Simmons could not have had the requisite intent because he was asleep at the time the sexual contact was alleged to have occurred.   (Rep.'s R.  v.  15 at 128.)  The prosecutor's statement in reply was not unfair and was responsive to Petitioner's attorneys' closing arguments.

The second portion of the complained of statement was quite brief and clearly was not the focus of the State's rebuttal.  The statement, at most, was innocuous and irrelevant, particularly when compared to circumstances under which reference to a defendant's exercise of his right to trial has been held to constitute a "highly improper factor."  *See*, *e.g.*, *Burns v. Gammon*, 260 F.3d 892, 896 (8th Cir. 2001)  (finding improper the prosecutor's argument that, in exercising his right to a jury trial, the defendant forced the victim to appear and relive the attack).  Moreover, the prosecutor in Simmons' case was merely responding to defense counsel's argument, outside the record, as to why Petitioner was willing to have his case heard by a jury.

7

(Rep.'s R.  v.  15 at 125.)  Simmons has failed to establish that the complained of statements

violated his constitutional right to due process, nor has he satisfied the requirement imposed

under § 2254(d)(1).

>        C.        **Failure to Turn Over _Brady_ Material**

Finally, Petitioner alleges that the State committed misconduct by failing to turn over

evidence to the defense that was favorable to the accused, in violation of _Brady v. Maryland_, 373

U.S. 83, 87, 83 S. Ct. 1194, 1197 (1963).  Specifically, Petitioner alleges that the State

suppressed evidence that the first person to whom the victim made an outcry[5] statement was her

mother, Sherri Simmons, rather than Christina Bolen ("Bolen"), the victim's stepmother, who

testified as the outcry witness at the trial.

To establish a _Brady_ violation a defendant must prove that: "(1) the prosecution

suppressed evidence, (2) the suppressed evidence was favorable to the defense and (3) the

suppressed evidence was material to the defense."  _Derden_, 938 F.2d at 617.  Evidence is

material where "there is a reasonable probability that, had the evidence been disclosed to the

defense, the result of the proceeding would have been different." _Id._  (citations omitted).

Simmons does not specifically refer to any of the elements of a _Brady_ violation in his petition,

but argues that the State suppressed evidence that Sherri Simmons was the proper outcry

witness.  He argues that the State's decision not to call Sherri Simmons at trial even though she

was placed on its witness list is proof that the State suppressed evidence.  It appears Petitioner

believes this evidence was favorable to the defense because it may have aided the defense in

---

[5]  The Texas Code of Criminal Procedure article 38.072, permits the admission of witness testimony regarding an "outcry" statement made by a child 12 years of age or younger, when the witness was the first person 18 years of age or older, other than the defendant, to whom the child made a statement about the offense and when the court finds the statement reliable.

challenging the State's use of Bolen as the outcry witness and because it may have helped the defense challenge the credibility of the victim. However, regardless of whether Petitioner may have sufficiently satisfied elements one and two, he has wholly failed to show that the evidence was material to the defense. *See Proffitt v. Dretke*, 2005 WL 2388263, at *8 (S.D. Tex. 2005) (holding that "admission of inadmissible hearsay resulting from the incorrect designation of an outcry witness is harmless error if other evidence that proves the same fact that the inadmissible evidence sought to prove is admitted without objection at trial") (citations omitted). Under Texas law, a conviction for indecency with a child by contact may be supported based on the testimony of the victim alone. *See Perez*, 113 S.W.3d at 838. At Simmons' trial, the victim offered testimony regarding all of the elements of indecency with a child by contact. (Rep.'s R. v. 14 at 82, 88-89, 166.) Therefore, Petitioner has failed to establish a *Brady* violation and his claims in this ground are without merit.

## II.     Insufficiency of the Evidence

Simmons also alleges that there was "insufficient evidence vs. no evidence"[6] to convict him because witnesses for the prosecution perjured themselves. Simmons did not raise this claim on direct appeal. *See Simmons v. State*, No. 10-01-364-CR (Tex. App.-Waco Mar. 26, 2003). Instead, Simmons raises this claim for the first time in his state habeas application. *See Ex parte Simmons*, Appl. No. 58,761-01 at 26.

---

[6] Simmons does not indicate whether he is alleging that he was convicted based on legally insufficient evidence, factually insufficient evidence, or both. This court will interpret his claim as posing a challenge to the legal sufficiency of the evidence, because an argument that the evidence was factually insufficient is not a cognizable federal claim. *See Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002) (noting that factual insufficiency is a creation of state law)*, Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991) ("federal habeas corpus relief does not lie for errors of state law").

Under Texas law, a prisoner cannot seek habeas review of a legal insufficiency of the evidence claim that was available but not raised on direct appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 4; *Kittelson v. Dretke*, 426 F.3d 306, 317 n.26 (5th Cir. 2005); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Generally, federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Coleman v. Thompson*, 501 U .S. 722, 729, 111 S. Ct. 2546, 2553-54 (1991). Although it has long been established that a sufficiency of the evidence claim cannot be presented for the first time in an article 11.07 application, the disposition of Simmons' article 11.07 application does not satisfy *Coleman* standards. His insufficiency of the evidence claim was only one of several grounds presented in his article 11.07 application. The trial court made no legal determinations, nor any factual findings other than to find that, "there are no controverted, previously unresolved issued [*sic*] of fact material to the legality of [Simmons'] confinement." *Ex parte Simmons*, Appl. No. 58,761-01 at 77. As noted above, the Texas Court of Criminal Appeals denied the application without written order. Therefore, there is nothing before the court to show that the Court of Criminal Appeals expressly and unambiguously denied relief on this ground on a procedural ground, and this issue is before this court on the merits.

In reviewing the sufficiency of the evidence, a court refers to the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995). During this review, the court examines all of the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781,

2789 (1979).  This standard takes into account a jury's duty to "resolve conflicts in the

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate

facts."  *Id.*

Petitioner was charged with two counts of indecency with a child by contact.  Therefore,

the state was required to prove that Simmons engaged in sexual contact with a child younger

than 17 years who was not Simmons' spouse.  Tex. Penal Code Ann. § 21.11(a)(1) (Vernon

2001).  The Texas Penal Code defines sexual contact to mean any touching of the anus, breast, or

any part of the genitals of a child with intent to arouse or gratify the sexual desire of any person.

§ 21.11(c)(1).  At trial, the victim testified that she was under the age of 17 and was not

married to Petitioner at the time the fondling occurred.  (Rep.'s R.  v.  14 at 82, 166.)  She

testified that, one night, she fell asleep on a couch in the family room and awoke to find

Petitioner rubbing her breasts underneath her t-shirt.  (Rep.'s R.  v.  14 at 88.)  She also testified

that Petitioner placed his hand inside of her underwear and rubbed her vagina.  (Rep.'s R.  v.  14

at 89.)  The state also called the victim's stepmother who testified that the victim told her

Simmons touched her breast and vagina.[7]  (Rep.'s R.  v. 14 at 18.)  While no witness testified

that Simmons touched the victim with the intent to arouse or gratify his sexual desire, a fact

finder may infer this element from testimony that Petitioner touched the victim on her breasts

and vagina.  *See, e.g., McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981);

*Gregory v. State*, 56 S.W.3d 164, 171 -172 (Tex. App.-Houston [14 Dist.] 2001, pet.  dismissed).

Additionally, while both witnesses were extensively cross-examined by defense counsel, a

---

[7]  As noted earlier, even if Bolen's testimony was improperly admitted as the testimony
of the outcry witness, the testimony of the victim alone was sufficient to support the conviction.
*See Perez*, 113 S.W.3d at 838.

review of the entire record demonstrates that a rational jury could have accepted the testimony of

both witnesses regarding the sexual contact.  Therefore, Petitioner's claim regarding

insufficiency of the evidence to convict is without merit.

## III.   Denied the Right to an Impartial Jury

Petitioner argues that he was denied his right to an impartial jury because several

members of the jury saw him exiting a squad car in handcuffs and shackles.  He also alleges that

he was accompanied by an armed guard during portions of the trial in full view of the entire jury.

While defendants are entitled to "physical indicia of innocence in their trials," the United States

Court of Appeals for the Fifth Circuit has held that "brief and inadvertent exposure" to jurors of

a defendant in handcuffs is not "inherently prejudicial" and that defendants bear the burden of

affirmatively demonstrating prejudice.  *Untied States v.  Escobar*, 674 F.2d 469, 479-80 (5th Cir.

1982) (citation omitted); *see also Holybrook v.  Flynn*, 475 U.S. 560, 569, 106 S.  Ct.  1340,

1346 (1986) (holding that the presence of armed security guards at a jury trial is not inherently

prejudicial).  The fact that this issue was never broached during Petitioner's trial strongly

suggests that nothing of an untoward and improper character occurred.  Further, Simmons has

not corroborated this claim with affidavits or declarations of third persons, such as members of

the petit jury.  Accordingly, his conclusory and unsupported claim fails to present a cognizable

basis for relief.  *See*, *e.g.*, *Ross v.  Estelle*, 694 F.2d 1008, 1011 (5th Cir.  1983) ("Absent

evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical

issue in his pro se petition (in state and federal court), unsupported and unsupportable by

anything else contained in the record, to be of probative evidentiary value").

**IV.**     **Unadjudicated extraneous offense**

Petitioner argues that his due process rights were violated when the state questioned him at sentencing about an unadjudicated extraneous offense. Under Texas law, the admission of an unadjudicated extraneous offense is permitted during the punishment phase of a trial. *See Jaubert v. State*, 74 S.W.3d 1, 3 (Tex. Crim. App. 2002) (examining the legislative history of Tex. Code. Crim. Proc. Ann. art. 37.07, § 3(g)). Moreover, the United States Court of Appeals for the Fifth Circuit has held that "there is no constitutional prohibition on the introduction at a trial's punishment phase of evidence showing that the defendant has engaged in extraneous, unadjudicated, criminal conduct." *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005). Although the Texas Court of Criminal Appeals has interpreted article 37.07, § 3(a)(1) to require proof of the commission of an extraneous offense beyond a reasonable doubt, *see Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996), this is a matter of state law only.[8] The court, in *Brown*, specifically held that the Constitution "does not require that unadjudicated extraneous offenses be proved beyond a reasonable doubt for evidence of those offenses to be admitted at trial." *Id.* at 376-77. Consequently, Petitioner's claim in this ground fails to present a basis for relief under § 2254.

**V.**     **Ineffective Assistance of Counsel**

Finally, Petitioner avers that he was denied the effective assistance of counsel at trial because counsel failed to: (1) properly prepare for trial, (2) obtain the assistance of additional counsel within a proper time frame before trial, (3) thoroughly investigate the facts, (4) consult with defendant, (5) review the state's file, (6) conduct an independent investigation, (7)

---

[8] In point of fact, the trial court gave an instruction regarding extraneous offenses which was wholly consistent with state law. (Rep.'s R. v. 16 at 49-50.)

13

interview state witnesses, (8) properly review the enhancement paragraphs of the indictment, (9) withdraw from representation due to personal problems, and (10) report misconduct by the district attorney.

An attorney's conduct is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment.  *Id.* at 690, 104 S. Ct. at 2066.  To overcome this presumption a habeas petitioner must establish that: (1) the attorney's conduct was constitutionally deficient (causation) and (2) but for such unprofessional errors, the result probably would have been different (prejudice).  *Id.* at 687, 694, 104 S. Ct. at 2064, 2068.  Failure to prove either prong of the two-part test forecloses relief.  *Id.* at 697, 104 S. Ct. at 2069.

Simmons lists a catalogue of alleged shortcomings in his trial attorney's performance, along with speculations on his part for such occurrences.  His litany essentially restates his ineffective assistance of counsel claim raised in his article 11.07 application.  In the state court proceeding, both of his trial attorneys filed lengthy and detailed affidavits.  *Ex parte Simmons*, Appl.  No.  58,761-01 at 52-59, 61-64.  Petitioner did not present any competent evidence to rebut the statements of fact in counsels' affidavits.  In its order transmitting the record to the Texas Court of Criminal Appeals, the trial court found that there were no controverted, previously unresolved issues of fact.  *Ex parte Simmons*, Appl.  No.  58,761-01 at 77.  Therefore, it is clear that the statements in the attorneys' affidavits on which no issue was joined constituted findings of fact in the state court proceedings to which a presumption of correctness applies.

§ 2254(e)(1).  Simmons therefore has failed to demonstrate constitutionally deficient

representation, foreclosing relief on this ground.[9]

---

[9] In the punishment phase on cross-examination the prosecutor asked Petitioner about a prior case in which he was indicted for sexual abuse of a child.  (Rep.'s R.  v.  16 at 26.)  In responding to the allegations in the article 11.07 application, Simmons' attorney stated that Simmons never disclosed this indictment prior to trial.  When a habeas petitioner fails to provide relevant facts to his attorney he may not thereafter claim ineffective assistance of counsel based on his own conduct.  In addition, the State was under no obligation to give prior notice of this arguably extraneous offense.  *See Jaubert v.  State*, 74 S.W.3d 1, 4 (Tex.  Crim.  App.  2002).  Moreover, Petitioner cannot satisfy the "prejudice" prong of the *Strickland* test.  Although the indictment was shown to him, it was never admitted into evidence.  Simmons testified that it was dismissed for lack of evidence.  (Rep.'s R.  v.  16 at 28.)  The dismissed charge was not mentioned again.  Finally, in light of the trial court's admonitions, *see* note 8, *supra*, and in the absence of any other evidence and pursuant to the presumption that a jury follows the court's instructions, the jury did not consider it in assessing punishment.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the district court deny and dismiss the petition.

Signed this 23rd day of January, 2006.

_Wm. F. Sanderson, Jr._
_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.